RECEIPT NUMBER _____ 75.00
TRACKING NUMBER __73161689__ CTM

CAUSE NUMBER __201549559__

| | |
|---|---|
| PLAINTIFF: PAULIN, FRANCISCO<br>vs.<br>DEFENDANT: ASI LLOYDS | In The  269th<br>Judicial District Court of<br>Harris County, Texas |

## CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

**RECEIVED**
**AUG 28 2015**
**TCCI**

TO: ASI LLOYDS (A DOMESTIC CORPORATION) BY SERVING ITS REGISTERED AGENT
RODNEY D BUCKER

700 NORTH PEARL STREET 25TH FLOOR  DALLAS TX 752012825

Attached is a copy of __PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE__ .

This instrument was filed on the __24th__ day of __August__, 20__15__, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this __25th__ day of _____August_____, 20 __15__.

*Chris Daniel*
CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Issued at request of:
BINS, MICHAEL JOHN
4101 WASHINGTON AVE
HOUSTON, TX 77007
Tel: (713) 236-8330
Bar Number:  24080792

Generated by: CUERO, NELSON   7MM//10176126

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20____, at _____ o'clock ___.M., endorsed the date of delivery thereon, and executed it at _____, _____,
                                                                                                  (street address)                              (city)
in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ___. M.,
by delivering to _____, by delivering to its
                                          (the defendant corporation named in citation)
_____, in person, whose name is _____,
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                                        (description of petition, e.g., "Plaintiffs Original")
and with accompanying copies of _____.
                                                               (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____            By: _____
                                                  (signature of officer)
                                    Printed Name: _____

                                    As Deputy for: _____
_____                     (printed name & title of sheriff or constable)
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____.

                                                      _____
                                                      Notary Public

N.INT.CITC.P

8/24/2015 5:47:51 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6630783
By: Nelson Cuero
Filed: 8/24/2015 5:47:51 PM

2015-49559 / Court: 269

| | | |
|---|---|---|
| FRANCISCO PAULIN & CLAUDIA PAULIN<br>Plaintiffs, | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HARRIS COUNTY, TEXAS |
| ASI LLOYDS<br>Defendant. | § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs FRANCISCO PAULIN & CLAUDIA PAULIN file this Original Petition and Request for Disclosure complaining of Defendant ASI LLOYDS. For causes of action, Plaintiffs would show as follows:

### I. DISCOVERY CONTROL PLAN

1.01   Discovery is being conducted under Level 2 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.01   Plaintiffs are residents of Harris County, Texas.

2.02   Defendant ASI LLOYDS, hereinafter "ASI" is a domestic corporation in the business of selling insurance in the State of Texas who may be served with process by serving its registered agent Rodney D Bucker at **700 North Pearl Street 25th Floor, Dallas TX 75201-2825**.

### III. VENUE

3.01   Venue is proper in Harris County, Texas, in that the cause of action accrued in Harris County, Texas. Venue is also proper in Harris County pursuant to Texas Civil Practice & Remedies Code §§ 15.032 and 15.035.

1

## IV. JURISDICTION

4.01   This Court has jurisdiction because the amount in controversy is within the jurisdictional limits of the Court.

## V. FACTUAL BACKGROUND

5.01   In December of 2014, Plaintiffs had a policy of insurance issued by ASI under policy number TXL268657 ("Policy"). The Policy covered Plaintiffs' home located at 12714 Rio Quatro Drive, Houston, Texas 77045. Plaintiffs dutifully paid their insurance premiums for the Policy. On or around December 19, 2014, the Paulin residence sustained an enormous amount of water damage throughout their two story home due to a leak from the hot water heater located in the attic. The water traveled down from the attic and seeped into the first and second stories, leaving most of the home saturated.

5.02   Plaintiffs timely filed a claim and sought to recover for the damage to their insured property. The claim was acknowledged and assigned claim number 298333-144402. Plaintiffs' claim was not properly investigated or paid. The adjusters assigned to the claim failed to conduct a thorough and complete inspection of the property. Defendant misrepresented the extent of the damage because its agents intentionally or negligently failed to properly assess the damages and failed to place a reasonable value on the costs of repairs. The result was a completely inadequate assessment of Plaintiffs' damages, which resulted in Plaintiffs not receiving enough money to fix their home. As a result, Plaintiffs have been forced to hire attorneys to recover money that is clearly owed to them under their insurance policy.

5.03   As detailed in the above paragraphs, ASI, wrongfully denied Plaintiffs' claim for their damaged or destroyed contents, even though the Policy provided coverage for such losses. Furthermore, ASI's underpaid Plaintiffs' claim by not providing full coverage for the damages as

well as under scoping the damages during their investigation. Defendant continues to delay in paying the claim.

5.04 Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recover upon the policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between it and Plaintiff.

## VI. CONDITIONS PRECEDENT

6.01 All conditions precedent to recovery have been performed or have occurred.

## VII. RESPONDEAT SUPERIOR

7.01 At all times relevant hereto, the adjusters retained by Defendant were acting as agents of Defendant with actual or apparent authority and within the course and scope of their agency relationship.

7.02 Based on the relationship, Defendant is jointly and severely responsible for all claims and causes of action.

## VIII. 1ST CAUSE OF ACTION - BREACH OF CONTRACT

8.01 At the time of the loss, Plaintiffs had in place a policy of insurance issued by Defendant. The premiums were current. All conditions precedent to recovery were made. Defendant wrongfully failed to comply with the terms of the contract. Defendant is, therefore, in breach of the contract of insurance issued to Plaintiffs.

8.02 Defendant's conduct constitutes a breach of contract resulting in damages to Plaintiff.

3

## IX. 2ND CAUSE OF ACTION – DTPA

9.01   Plaintiffs are "consumers" as defined by Tex. Bus. Code §17.45(4). Plaintiffs sought or acquired goods or services by purchasing those goods or services from Defendant. Defendant violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") (TEX. BUS. & COM. CODE §17.44 et seq.) because Defendant engaged in false, misleading, and/or deceptive acts or practices that Plaintiffs relied on to her detriment.

9.02   The Defendant's violations under §17.46(b) include, but are not limited to, the following:

    a.   §17.46(b)(1);

    b.   §17.46(b)(2);

    c.   §17.46(b)(3);

    d.   §17.46(b)(5);

    e.   §17.46(b)(9);

    f.   §17.46(b)(12);

    g.   §17.46(b)(13);

    h.   §17.46(b)(20); and

    i.   §17.46(b)(24).

9.03   The acts and omissions of Defendant also constitute violations of the DTPA, including but not limited to, the following:

    a.   Committing false, misleading, or deceptive acts or practices as defined by §17.46(b);

    b.   Breach of warranty;

    c.   Unconscionable action or course of action; and

d.  Use or employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et. seq. as described herein.

9.04  Defendant's acts and omissions were a producing cause of Plaintiffs' damages.

9.05  Defendant's conduct was committed knowingly and/or intentionally, because, at the time of the acts and practices complained of Defendant had actual awareness of the falsity, deception or unfairness of their acts and practices giving rise to Plaintiffs' claims and Plaintiffs detrimentally relied on the falsity or deception and/or in detrimental ignorance of the unfairness.

## X. 3RD CAUSE OF ACTION- TEXAS INSURANCE CODE §541 ET. SEQ.

10.01  Defendant violated the TEXAS INSURANCE CODE §541 et. seq. because it engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, Defendant's acts and omissions violated the following:

a.  §541.051(1);

b.  §541.051(4);

c.  engaging in unfair settlement practices by (§541.060):

   i.  misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue. §541.060(1).
   ii. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which Defendant's liability has become reasonably clear. §541.060(2).
   iii. failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim. §541.060(3).
   iv. failing within a reasonable time to affirm or deny coverage of a claim to a policyholder. §541.060(4).
   v.  refusing to pay a claim without conducting a reasonable investigation with respect to the claim. §541.060(7).

d.  misrepresenting Plaintiffs' insurance policy. (§541.061):

   i.  making an untrue statement of material fact. §541.060(1).

   ii. failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made. §541.060(2).

   iii. making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material facts. §541.060(3).

 e. §17.46(b) of the DTPA, incorporated by TEXAS INSURANCE CODE §541.151.

10.02 Defendant's conduct was committed knowingly because Defendant had actual awareness of the falsity, deception or unfairness of their acts and practices made the basis for Plaintiffs' claim for damages under the TEXAS INSURANCE CODE.

10.03 Plaintiffs gave Defendant notice as required by §541.154 of the TEXAS INSURANCE CODE.

10.04 Defendants' conduct was producing cause of Plaintiffs' injuries.

### XI. 4TH CAUSE OF ACTION – TEXAS INSURANCE CODE §542 ET. SEQ.

11.01 Defendant violated Chapter 542 of the Texas Insurance Code because it failed to do the following within the statutorily mandated time of receiving all necessary information:

 (1) Failing to acknowledge the Plaintiffs' claim on time;

 (2) Failing to commence an investigation of Plaintiffs' claim;

 (3) Failing to request all information reasonably necessary to investigate Plaintiffs' claim with the statutorily mandated deadlines;

 (4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs' claim;

 (5) Failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all information;

 (6) Failing to pay Plaintiffs' claim without delay; and

 (7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiff's claim.

11.02  Such failures constitute violations of the TEXAS INSURANCE CODE Sections 542.055, 542.056, 542.057, and 542.058. As a result of the forgoing violations, Plaintiffs request damages under TEXAS INSURANCE CODE Section 542.060.

## XII. 5th CAUSE OF ACTION – GOOD FAITH & FAIR DEALING

12.01  Defendant and/or its adjusters owed Plaintiffs a duty of good faith and fair dealing. Defendant and/or its adjusters breached this duty by the way it chose to handle Plaintiffs' claim because it knew or should have known that it was reasonably clear that Plaintiffs' claim is covered. Defendant's breach of this duty was a proximate cause of Plaintiff's damages.

## XIII. DAMAGES

13.01  As a direct result of Defendant's conduct, Plaintiffs have suffered economic damages, all of which they are entitled to recover. Plaintiffs are entitled to recover mental anguish damages because Defendant acted in bad faith and Defendant's knowing conduct was the producing cause of Plaintiff's mental anguish.

13.02  Pursuant to the DTPA and TEXAS INSURANCE CODE, Plaintiffs are entitled to recover treble damages because Defendant's conduct was committed knowingly.

13.03  Plaintiffs are entitled to exemplary damages as a result of Defendant's breach of duties owed as described above. When viewed objectively from the standpoint of the Defendant at the time of the occurrence in question, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

13.04  Defendant's actions entitle Plaintiff to statutory damages, mental anguish, punitive damages, and interest of 18% per annum for its lack of prompt payment of this claim.

## XIV. ATTORNEY'S FEES

14.01 As a result of Defendant's conduct, Plaintiffs have been forced to retain attorneys to seek justice in this Court. Accordingly, Plaintiffs are entitled to recover their reasonable and necessary attorney's fees incurred in this action pursuant to TEX. CIV. PRAC. & REM. CODE §38.001, DTPA §17.50(d), and TEXAS INSURANCE CODE §541.152.

## XV. REQUESTS FOR DISCLOSURE

15.01 Plaintiffs request that Defendants disclose within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer, and that judgment be rendered against Defendant for Plaintiffs' economic damages, mental anguish damages, statutory interest penalties, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment interest, and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs are entitled. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seeks monetary relief, between $200,000- $500,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.

WYLY & COOK, LLP
Respectfully submitted

*/s/ Michael J. Bins*
Brad T. Wyly
Texas State Bar No. 24042198

8

Michael J. Bins
Texas State Bar. No. 24080792
4101 Washington Ave.
Houston, Texas 77007
(713) 236-8330 Telephone
(713) 863-8502 Telefax
ATTORNEY FOR PLAINTIFF
bwyly@wylycooklaw.com
mbins@wylycooklaw.com

9

Case 4:15-cv-02725 Document 1-4 Filed in TXSD on 09/18/15 Page 11 of 11



**HARRIS COUNTY DISTRICT CLERK**
P.O. Box 4651
HOUSTON, TEXAS 77210-4651

CERTIFIED MAIL

7014 3490 0001 9499 9977

$07.879
US POSTAGE

RECEIVED
AUG 28 2015
TCCI

ASI Lloyds
By serving its registered agent
Rodney D. Bucker
700 North Pearl Street 25th Floor
Dallas, Texas 75201-2825

7014 3490 0001 9499 9977