UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO PAULIN & CLAUDIA PAULIN | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:15-CV-02725 (Judge Nancy F. Atlas) |
| ASI LLOYDS | § § | |
| Defendant. | § § § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs FRANCISCO PAULIN & CLAUDIA PAULIN file this First Amended Complaint complaining of Defendant ASI LLOYDS. For causes of action, Plaintiffs would show as follows:

### I. DISCOVERY CONTROL PLAN

1.01   Discovery is being conducted under Level 2 of the Texas Rules of Civil Procedure.

### II. PARTIES & JURISDICTION

2.01   Plaintiffs are residents of Harris County, Texas.

2.02   Defendant ASI LLOYDS, hereinafter "ASI" is a domestic corporation in the business of selling insurance in the State of Texas. Defendant was served with process and filed an Answer.

2.03   This Court has proper jurisdiction over this case because of the diversity of citizenship between parties.

1

## III. FACTUAL BACKGROUND

3.01    In December of 2014, Plaintiffs had a policy of insurance issued by ASI under policy number TXL268657 ("Policy").  The Policy covered Plaintiffs' home located at 12714 Rio Quatro Drive, Houston, Texas 77045.  Plaintiffs dutifully paid their insurance premiums for the Policy.  On or around December 19, 2014, the Paulin residence sustained an enormous amount of water damage throughout their two story home due to a leak from the hot water heater located in the attic. The water traveled down from the attic and seeped into the first and second stories, leaving most of the home saturated. The Plaintiffs were not home when the leak began. When they returned to their residence they immediately began minimizing the damage by turning off the water supply to the residence and tearing out the water soaked carpeting on the second story.

3.02    On December 19, 2014 Plaintiffs timely filed a claim with ASI and sought to recover for the damage to their insured property.  The claim was acknowledged and assigned claim number 298333-144402.  On December 20, 2014 the claim was assigned to adjuster Carlos Becerra. On December 23, 2014 Carlos Becerra inspected the Paulin's residence. While Mr. Becerra was inspecting the home, Mr. Paulin inquired as to whether ASI would cover the water damage to numerus Christmas gifts that had been in the garage. Mr. Becerra claimed ASI would not.

3.03    On January 2, 2015 Francisco Paulin calls Defendant ASI asking for a status on his claim as he had not yet received Mr. Becerra's estimate. On January 5, 2015, thirteen (13) days after his inspection, Mr. Becerra submits his estimate of $13,479.08 for the cost to repair the damage to both his supervisor at ASI and Mr. Paulin. On February 18, 2015—fifty-seven (57) days after ASI's inspection and forty-four (44) days after the estimate was complete—ASI mails the Paulin family a check for $10,157.32. During this delay in payment, the Paulins and their four children were forced to live in a house that was missing an extensive amount of sheetrock, carpeting, and insulation.

3.04    The Paulins immediately took issue with Carlos Becerra's estimate because it did not accurately reflect the cost to repair the covered water damage. Upon review of the estimate, numerous aspects misrepresented the extent of the damage. One of the first items Mr. Paulin noticed was misrepresented was the quality of the damaged stairs that lead to the second floor. The stairs were solid oak, yet ASI's estimate called for a much cheaper laminate to replace them. Additionally, Carlos Becerra's estimate misrepresents the square feet of the floor, walls and ceiling of the upstairs hallway, the utility room, front left bedroom, hallway bathroom, and other rooms as smaller than they actually are. This has the effect presenting an unrealistically low repair cost. Mr. Becerra's estimate further misrepresents the extent of the damage by completely ignoring obvious water damage to the first story floors, kitchen cabinets, and other areas of the home.

3.05    Plaintiffs decided to get a second opinion on the cost to repair the covered water damage. Public adjuster Mike Fried of AAPA, LLC was hired to provide an estimate. On January 21, 2015 Mr. Fried inspected the home and concluded that it would cost $76,037.36 to repair the covered damage to the dwelling. Mr. Fried also estimated the family was owed $19,500 in ALE coverage.

3.06    Plaintiffs' claim was not properly investigated or paid. The adjuster Defendant ASI assigned to the claim failed to conduct a thorough and complete inspection of the property. Defendant ASI misrepresented the extent of the damage because its agents intentionally or negligently failed to properly assess the damages and failed to place a reasonable value on the costs of repairs. The result was a completely inadequate assessment of Plaintiffs' damages, which resulted in Plaintiffs not receiving enough money to fix their home. The small amount of money the Paulin's did receive was tendered approximately six weeks after the date required by the Tex. Ins. Code. Furthermore, the terms of the policy and extent of the coverage was misrepresented to Plaintiffs when they were told by Carlos Becerra that ASI would not cover the damage to their contents. As a result, Plaintiffs have

been forced to hire attorneys to recover money that is clearly owed to them under their insurance policy.

3.07   Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recover upon the policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between it and Plaintiff.

## IV. CONDITIONS PRECEDENT

4.01   All conditions precedent to recovery have been performed or have occurred.

## V. RESPONDEAT SUPERIOR

5.01   Plaintiffs repeat and reallege each allegation contained above. At all times relevant hereto, the adjusters retained by Defendant were acting as agents of Defendant with actual or apparent authority and within the course and scope of their agency relationship.

5.02   Based on the relationship, Defendant is jointly and severely responsible for all claims and causes of action.

## VI. BREACH OF CONTRACT

6.01   Plaintiffs repeat and reallege each allegation contained above. At the time of the loss, Plaintiffs had in place a policy of insurance issued by Defendant ASI. The premiums were current. All conditions precedent to recovery were made. Defendant ASI wrongfully failed to comply with the terms of the contract. Defendant ASI is, therefore, in breach of the contract of insurance issued to Plaintiffs.

6.02   Defendant's conduct constitutes a breach of contract resulting in damages to Plaintiffs.

## VII. VIOLATIONS OF THE TEXAS INSURANCE CODE §541 ET. SEQ.

7.01   Plaintiffs repeat and reallege each allegation contained above.

7.02   Defendant ASI violated the TEXAS INSURANCE CODE §541 et. seq. because it engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, Defendant's acts and omissions violated the following:

    a.    engaging in unfair settlement practices by (§541.060):

        i.    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which Defendant's liability has become reasonably clear. §541.060(2).

        ii.    failing within a reasonable time to affirm or deny coverage of a claim to a policyholder. §541.060(4).

    d.    misrepresenting Plaintiffs' insurance policy. (§541.061):

        i.    making an untrue statement of material fact. §541.060(1), (2), and (3). Defendant ASI misrepresented the extent of the damage and cost to repair the covered damage by listing the size of the floor, walls, and ceilings of the upstairs hallway, the utility room, front left bedroom, hallway bathroom, and other rooms as smaller than they actually are. Defendant ASI's estimate misrepresented the stairs as a cheaper laminate when they were actually oak, and completely ignored obvious water damage to the first story floors, kitchen cabinets, and other areas of the home. Additionally, Defendant ASI misrepresented the coverage of the policy when Carlos Becerra told the

Paulins that ASI would not pay them for the damage to their personal items, when in fact there was coverage for these contents.

  e.  §17.46(b) of the DTPA, incorporated by TEXAS INSURANCE CODE §541.151.

7.02 Defendant's conduct was committed knowingly because Defendant ASI had actual awareness of the falsity, deception or unfairness of their acts and practices made the basis for Plaintiffs' claim for damages under the TEXAS INSURANCE CODE.

7.03 Plaintiffs gave Defendant notice as required by §541.154 of the TEXAS INSURANCE CODE.

7.04 Defendant's conduct was producing cause of Plaintiffs' injuries.

### VIII. VIOLATIONS OF THE TEXAS INSURANCE CODE §542 ET. SEQ.

8.01 Plaintiffs repeat and reallege each allegation contained above.

8.02 Defendant ASI violated Chapter 542 of the Texas Insurance Code because it failed to do the following within the statutorily mandated time of receiving all necessary information:

  (1) failed to give proper notice of the acceptance or rejection of part or all of Plaintiffs' claim;

  (2) failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all information;

  (3) failed to pay Plaintiffs' claim without delay; and

  (4) failed to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiffs' claim.

8.03. On December 23, 2014 Defendant ASI completed its inspection of the residence and had all the information reasonably necessary to properly adjust the claim. Thirteen (13) days later on January 5, 2015, Defendant ASI finally accepts part of Plaintiffs claim when it provides Carlos Becerra's

estimate to Plaintiffs. However, Defendant ASI did not tender to Plaintiffs the undisputed portion of the claim until February 18, 2015—fifty-seven (57) days after ASI's inspection and forty-four (44) days after the claim was presumably accepted.

8.04   Such failures constitute violations of the TEXAS INSURANCE CODE Sections 542.055, 542.056, 542.057, and 542.058. As a result of the forgoing violations, Plaintiffs request damages under TEXAS INSURANCE CODE Section 542.060.

## IX. DAMAGES

9.01   Plaintiffs repeat and reallege each allegation contained above.

9.02   As a direct result of Defendant's conduct, Plaintiffs have suffered economic damages, all of which they are entitled to recover. Plaintiffs are entitled to recover mental anguish damages because Defendant acted in bad faith and Defendant's knowing conduct was the producing cause of Plaintiff's mental anguish.

9.03   Pursuant to the TEXAS INSURANCE CODE, Plaintiffs are entitled to recover treble damages because Defendant's conduct was committed knowingly.

9.04   As a result of Defendant's conduct, Plaintiff has been forced to retain an attorney to seek justice in this Court. Accordingly, Plaintiff is entitled to recover her reasonable and necessary attorney's fees incurred in this action pursuant to TEX. CIV. PRAC. & REM. CODE §38.001and TEXAS INSURANCE CODE §541.152.

9.04   Defendant's actions entitle Plaintiff to statutory damages, mental anguish, punitive damages, and interest of 18% per annum for its lack of prompt payment of this claim.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant ASI be cited to appear and answer, and that judgment be rendered against Defendant for Plaintiffs' economic

damages, mental anguish damages, statutory interest penalties, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment interest, and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs are entitled.

PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY.

**WYLY & COOK, LLP**

Respectfully submitted

*/s/ Brad T. Wyly*
Brad T. Wyly
Texas State Bar No. 24042198
Federal ID No. 37505
Michael J. Bins
Texas State Bar No. 24080792
Federal ID No. 2405730
4101 Washington Ave.
Houston, Texas 77007
(713) 236-8330 Telephone
(713) 863-8502 Telefax
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of January, 2016, a copy of the foregoing has been served upon all counsel of record in this action via the courts electronic service and/or facsimile:

*Via Facsimile No. (504) 310-9195*
LaDonna G. Schexnyder
Lugenbuhl, Wheaton, Peck, Rankin and Hubbard, A Law Corporation
9311 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70810
Telephone: (504) 568-1990
Facsimile (504) 310-9195

*/s/ Michael J. Bins*
Michael J. Bins